[This decision has been published in *Ohio Official Reports* at 94 Ohio St.3d 135.]

NORTHWESTERN OHIO BAR ASSOCIATION *v.* SCHNITKEY.

[Cite as *Northwestern Ohio Bar Assn. v. Schnitkey*, 2002-Ohio-1056.]

*Attorneys at law—Misconduct—Public reprimand—Neglecting entrusted legal matters.*

(No. 01-1262—Submitted August 28, 2001—Decided January 9, 2002.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 98-77.

_____

*Per Curiam.*

{¶ 1} During 1996 and 1997, respondent, Mark D. Schnitkey of Napoleon, Ohio, Attorney Registration No. 0006075, represented several clients who entrusted him with legal matters that relator, Northwestern Ohio Bar Association, charges that he neglected. Relator filed a complaint with the Board of Commissioners on Grievances and Discipline ("board") on November 12, 1998, alleging violations of the Code of Professional Responsibility. After a hearing before a panel and after review of the panel's recommendation, the board determined that respondent had committed two violations of DR 6-101(A)(3) (a lawyer shall not neglect an entrusted legal matter) and recommended that he be publicly reprimanded for this misconduct. We adopt the board's findings of misconduct and its recommendation.

{¶ 2} Respondent violated DR 6-101(A)(3) by having neglected the interest of Joann McCabe Reitz and her business partner in recovering money from a failed restaurant purchase. McCabe Reitz telephoned respondent repeatedly over an eight-month period to learn the status of her case but had no success. Respondent ultimately withdrew his representation due to a conflict of interest and purportedly

advised McCabe Reitz of the withdrawal by letter. McCabe Reitz did not receive it.

{¶ 3} Respondent further violated DR 6-101(A)(3) by having neglected the interest of Michele Aelker in obtaining an order modifying her child's visitation schedule. Aelker also attempted to reach respondent for months with little success. And after assuring Aelker that he had moved the court for relief in August 1997, respondent failed to check on the status of his motion and later learned that his secretary had never filed it. Respondent's mistake was discovered only when Aelker called the court in January 1998.

{¶ 4} Respondent has been in practice since 1985, and he has never before received a disciplinary sanction. At the hearing, he accepted complete responsibility for his misconduct and expressed his sincere remorse that he had let down his clients. He has already refunded his clients' money and made sure that no client was financially harmed by his mistakes. Respondent has also changed his office procedures to ensure that he will not repeat his misconduct, including having instituted a reliable system for keeping track of court filings and answering telephone calls. Respondent additionally provided letters from clients and judges for the board's review, all of whom described their confidence in and respect for his professional competence.

{¶ 5} In light of these mitigating considerations, we agree with the board that respondent should receive the recommended public reprimand. Respondent is therefore publicly reprimanded for his violations of DR 6-101(A)(3). Costs are taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

_____

*Michael W. Spangler,* for relator.

*Mark D. Schnitkey, pro se*.

———————————